O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **HECTOR ADAME,** | § | |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **CIVIL ACTION NO. L-04-93** |
| | § | |
| **UETA, INC.,** | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM

Pending is Defendant's motion for summary judgment. (Docket No. 45.)  Plaintiff Hector Adame has responded and has also filed an amended response. (Docket Nos. 46 & 50.)[1]

Plaintiff has sued Defendant under the Texas Commission on Human Rights Act (TCHRA) for age discrimination and retaliation relating to his termination from UETA on June 13, 2003. The case was removed to federal court based on diversity jurisdiction.

### Factual Background

Plaintiff began working at UETA in January 1971. Early during his employment, Plaintiff served as a Warehouse Manager/Warehouse Supervisor. However, in October 2001, UETA restructured its operations, and the warehouse operations in Laredo were significantly expanded. UETA eventually relocated

---

[1] The Defendant has also filed a Motion to Strike. (Docket No. 49.) The parties quibble about whether the Plaintiff has provided copies of the exhibits attached to his response to the summary judgment. Plaintiff has informed the Court that he has cured any alleged defect by serving copies of his exhibits to the Defendant. Because the Court will reach the merits of the motion for summary judgment, the motion to strike will be denied as moot.

its corporate distribution center from Maryland to Laredo in September 2002.  As part of this expansion, Plaintiff was assigned to manage UETA's fragrance department in October 2002.  Immediately prior to this transfer, Plaintiff had been responsible for managing UETA's liquor department.

The Plaintiff and Defendant agree that this transfer greatly increased the volume of work for the Plaintiff.  Plaintiff was verbally counseled and reprimanded on various occasions by various members of UETA's management regarding his performance.  On January 13, 2003, Plaintiff received a "Final Written Warning."  That warning advised Plaintiff of an issue regarding his performance that "resulted in the loss of sales at many of [UETA's] duty free stores/warehouses." (Docket No. 45, Exhibit C-1.)  The letter also stated that "[a]ny further non-performance conduct by you, can result in your termination from employment."  Plaintiff admitted at his deposition that he had been verbally counseled and warned on at least three or four occasions after the written warning.  See Adame deposition, 72:6-12, 95:7-12.  Plaintiff's employment was terminated in June 2003.

<u>Age Discrimination</u>

Plaintiff has not presented direct evidence of age discrimination, but he may still rely on circumstantial evidence of discrimination. Under the burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), once a plaintiff makes out a prima facie case, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for his termination. If the employer does so, the plaintiff is "'required to show either 1) the reasons were not true but, rather, were a pretext for discrimination, or 2) even if the reasons were true, another motivating factor was ... age.'" Machinchick v. PB Power, Inc., 398 F.3d 345, 356 (5th Cir. 2005) (quoting Kokes v. College, 148 S.W.3d 384, 393 (Tex. App.–Beaumont 2004, no pet.))

In order to establish a prima facie case of age discrimination under the TCHRA, a plaintiff must prove that he "(1) is a member of a protected class; (2) was discharged; (3) was qualified for the position from which he was discharged; and (4) was either replaced by someone outside the protected class, replaced by someone younger, or was otherwise discharged because of [his] age." Russo v. Smith Int'l, Inc., 93 S.W.3d 428, 435 (Tex. App.–Houston [14th] 2002, pet. denied). Defendant contends that Plaintiff has not established a prima facie case because Plaintiff was not qualified to hold the position. For the purpose of this opinion, the Court will assume, arguendo, that Plaintiff was qualified to hold the position and therefore has made out a prima facie case.

Defendant alternatively asserts that it had a legitimate, nondiscriminatory reason(s) for the termination. Defendant cites Plaintiff's poor job performance as the reason for his termination, including the written warning he received five

months prior. Nelson Cartagena, the Vice President of Logistics at UETA, provided an affidavit stating that after the Plaintiff's assignment to the Fragrance Department, his performance was "inadequate and unacceptable." (Docket No. 45, Exh. B). Plaintiff admitted in his deposition that both before and after the final warning, he was warned about what his employers considered deficient performance. Adame Deposition, 72:4-12, 96:4-97:1.

The burden then falls to the Plaintiff to show that the proffered reasons were either pretext for discrimination or that a motivating factor in his termination was age. Plaintiff has offered no evidence to meet this burden.

Plaintiff's response to the motion cites three cases, which on their face appear of doubtful relevance to this case, and Plaintiff makes no attempt to explain their relevance. Plaintiff cites <u>Machinchick</u> <u>v</u>. <u>PB</u> <u>Power</u>, <u>supra</u>. He describes evidence of age discrimination involved in that case, but identifies no similar evidence in this case.

Plaintiff also cites a Texas court of appeals decision that he contends recognizes a disparate impact claim. <u>See</u> <u>United Services</u> <u>Auto</u> <u>Ass'n</u> <u>v</u>. <u>Brite</u>, 161 S.W.3d 566 (Tex. App.--San Antonio 2005, pet. filed). He also notes that the United States Supreme Court has recently approved a disparate impact case of

age discrimination.  However, Plaintiff has not plead a disparate impact case, and cites no evidence to support a disparate impact claim.  Finally, Plaintiff cites <u>Aust</u> <u>v.</u> <u>Conroe</u> <u>Indep</u>. <u>Sch</u>. <u>Dist</u>., 153 S.W.3d 222 (Tex. App.–Beaumont 2004, no pet.). That case dealt with whether the plaintiff had presented sufficient evidence that the employer's nondiscriminatory reason was pretext.  Again, the Plaintiff fails to apply the facts of that case to this case.

Plaintiff has not met his burden of showing that the Defendant's proffered legitimate, non-discriminatory reason was pretext.  A plaintiff may establish pretext by showing that the employer's proffered explanation is false or "unworthy of credence."  <u>Reeves</u> <u>v.</u> <u>Sanderson</u> <u>Plumbing</u> <u>Prods.,</u> <u>Inc</u>., 530 U.S. 133, 143 (2000).  "Evidence that the proffered reason is unworthy of credence must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of doubt is insufficient."  <u>Bauer</u> <u>v.</u> <u>Albemarle</u> <u>Corp.</u>, 169 F.3d 962, 967 (5th Cir. 1999).  Plaintiff alludes to the fact that the proffered reason was pretext because "[t]he fact that Mr. Adame worked for so long for the company is proof that he was a good and qualified employee."  However, this statement alone does not satisfy Plaintiff's burden.

Plaintiff also makes the general statement that his response

"is supported" by four depositions and "asks the Court to examine and take judicial notice of the documents in the case file." "'Rule 56 does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998)(citations omitted).  Accordingly, since Plaintiff has presented no evidence to show that the Defendant's proffered nondiscriminatory reasons were either pretext for discrimination or that his age was a motivating factor in the decision, the Defendant's motion for summary judgment will be granted and the Plaintiff's claim will be dismissed.

### Retaliation

Defendant also asserts that Plaintiff cannot establish a prima facie case of retaliation.  In a retaliation case, the plaintiff must show: 1) that he engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action. Pineda v. United Parcel Svc., Inc., 360 F.3d 483, 487 (5th Cir. 2004).  Under the TCHRA, protected activity includes: 1) opposing a discriminatory practice; 2) making or filing a charge; 3) filing a complaint; or 4) testifying, assisting, or participating in any manner in an investigation, proceeding or

hearing.  Tex. Lab. Code § 21.001(1) (Vernon 1996); <u>Quantum Chem. Corp. v. Toennies</u>, 47 S.W.3d 473, 476 (Tex. 2001).

Defendant presents evidence from the Plaintiff's deposition to show that Plaintiff cannot establish a prima facie retaliation claim.  When asked about this claim, Plaintiff responded that he believes he was retaliated against "[o]n the basis of [his] salary, [his] age."  Adame Deposition, 114:20.  He did not admit to engaging in any protected activity prior to his termination, and he did not file a charge of discrimination until after he was terminated.  Plaintiff does not respond to this evidence or comment on his retaliation claim at all.  Defendant has produced enough evidence to show that Plaintiff cannot establish a prima facie case of retaliation, and therefore the claim will be dismissed.

## Conclusion

Accordingly, Defendant's motion for summary judgment is GRANTED.  (Docket No. 45).  Defendant's motion to strike the response (Docket No. 49) is DENIED as moot.

DONE at Laredo, Texas, this 19th day of July, 2005.

_George P. Kazen_
George P. Kazen
United States District Judge